[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff has submitted to the court an application CT Page 2080 for a prejudgment remedy of a real estate attachment in the amount of $300,000. The plaintiff's affidavit accompanied a five-count complaint the gravamen of which is that she was sexually assaulted by the defendant, the husband of her grandmother, on a number of occasions between 1969 and 1977.
Plaintiff was born in 1965. She testified the first incident occurred when she was four years old and the last occurred when she was twelve. Plaintiff is now a married woman, the mother of two children. She is presently hospitalized and has been hospitalized in the past and is receiving weekly psychotherapy focusing on the residual physical and psychological effects of the asserted sexual abuse. She offered her testimony and various medical reports and bills in order to convince the court that probable cause exists both as to liability and damages.
The court finds probable cause that at least some of these incidents occurred causing damage to plaintiff and that at least some of the medical, hospital and other bills submitted into evidence are causally related to these incidents. Accordingly, it is ordered that the plaintiff may attach to the value of $75,000 the real property of the defendant located at 126 West View Drive, Meriden, Connecticut. In addition the defendant is ordered to disclose to plaintiff any and all property, real or personal, in which he has an interest and any and all debts owing to him. Before arriving at this conclusion the court determined thatPublic Act 91-240 applies retrospectively. This act reads as follows:
 Be it enacted by the Senate and House of Representatives in General Assembly convened:
 Section 52-577d of the general statutes is repealed and the following is substituted in lieu thereof:
 Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than [two] SEVENTEEN years from the date such person attains the age of majority. [, except that no such action may be brought more than seven years from the date of the act complained of.]
CT Page 2081
Newly enacted statutes are generally given only prospective effect unless there is clear evidence that the legislature intended to give the statute retroactive effect. State v. Vilalastra, 207 Conn. 35, 40 (1988). "In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively." Moore v. McNamara, 201 Conn. 16, 22 (1986). "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action." Id. (citations omitted).
Public Act 91-240 pertains only to a limitation as to time with respect to a right of action and does not itself create a right of action. Thus, it is presumed to be a procedural statute. See Id. Additionally, there is nothing in the legislative history to defeat the presumption that this particular statute should be given retroactive application.
DORSEY, JUDGE